ANNETTE DENNISON, Plaintiff, *v.* MAX MALTZ et al., Copartners Doing Business under the Name of MEDICAL ARTS BUILDING COMPANY, Defendants.

Supreme Court, Special Term, Kings County, May 29, 1962.

*Louis Feverman* and *Ivan Dochter* for plaintiff. *Bernard Helfenstein* and *Isidore Halpern* for defendants.

J. IRWIN SHAPIRO, J. This negligence action came on for trial with a jury at Trial Term, Part 23, on April 30, 1962. On May 1, 1962 a sealed verdict was directed and was to be opened the following morning at 10:00 A.M. On May 2, 1962 at about a quarter of ten in the morning the attorney for the plaintiff came in to see me in chambers and told me that his client was willing to accept $4,000 in settlement of the lawsuit.

I then had a conference with both plaintiff's counsel and defense counsel with regard to the plaintiff's proposal. Defense counsel, in my chambers, contacted his office and after much discussion was finally able to obtain authorization to pay the sum of $4,000. At that time, of course, neither side knew what the sealed verdict was; nor in fact do they now know what the sealed verdict is since it has not been opened and has remained in the possession of the court completely sealed.

The plaintiff was called before the court and a complete record was made of what had transpired. It was explained to her that the sealed verdict was in my hand ready to be opened; that no one knew what it was; that it might be in her favor or it might be against her. The court inquired whether she had been notified by her counsel about the negotiations to settle this case for $4,000 and she said she had. The court questioned her as to whether she was agreeable to the settlement and she said she was. The court then marked the case settled and the plaintiff personally, a quite apparently intelligent woman, but also quite apparently one of changeable moods and whims, thanked the court profusely for the time that he spent on this matter and even stated that her sister, who was present throughout the trial and who had testified in her behalf, joined with her in thanking the court.

After the plaintiff's unequivocal approval had been placed upon the record the court read to her certain decisions which indicated that proceeding on a stairway, not knowing where one was going, in complete darkness, was contributory negligence as a matter of law, particularly under the circumstances appearing in this record, and that it was quite possible that if the jury verdict were for the plaintiff it would have to be set aside and her complaint dismissed.

It appears from the moving affidavit in this case that after leaving the courtroom on May 2, 1962, the plaintiff proceeded with her present attorney to his office where she signed and executed a general release in the sum of $4,000 which was thereafter forwarded to the insurance company representing the defendants.

Apparently three days thereafter and on May 5, 1962, the plaintiff changed her mind and informed her attorney that she would not accept the settlement. She has also forwarded a letter to the court in connection therewith, dated May 7, 1962, in which she says in part as follows: "Judge Shapiro, you were very kind and fair to me in many ways and you were understanding in your summary before the jury, for which I am most grateful to you, before awaiting their verdict."

The insurance carrier representing the defendants has now forwarded two checks to the attorney for the plaintiff " one in the sum of $100.00 representing the lien of the Long Island College Hospital and the other in the sum of $3,900.00 made payable to the plaintiff Annette Dennison " and her present and former attorney. The plaintiff has refused " to endorse the check in the sum of $3,900 so that the same may be processed and the proceeds distributed in accordance with the retainer agreement ".

Accordingly this motion is now made for a direction to the defendants' insurance carrier to issue three separate checks, one to the order of the plaintiff, one to the order of the present and former attorney for the plaintiff and the third to the Long Island College Hospital.

Upon the argument of the motion, which was referred to this court by the Justice presiding in Special Term, Part I, the plaintiff appeared in person and was heard at great length. She admitted what had taken place before the court and that she had unequivocally agreed to the settlement of $4,000 and that in fact she had thanked the court for his co-operation and his efforts in her behalf, but she insisted that she had been coerced into accepting the settlement by reason of her conversation with her own attorney out in the hallway, that if she did not accept the $4,000 she might lose the case. Coercion aside, that statement, if made to her by her attorney, was of course entirely correct.

In any event what may or may not have transpired between her and her attorney in the hall is wholly immaterial in connection with the determination of this motion, for the defendants having gone through a full jury trial also have rights which cannot be cast aside. If the plaintiff had evinced the slightest disagreement with the proposed settlement or any hesitation in regard thereto, the court would not have permitted the same to be consummated and would have proceeded to open the sealed verdict. Her disposition, however, was quite to the contrary. She expressed her pleasure at the settlement and was profuse in her thanks to the court.

The settlement was a contract made in open court with full understanding of its consequences and it may not be broken or set aside unilaterally.

Under all of the circumstances the motion is granted to the extent of directing the carrier for the defendants to issue a check to the order of the Long Island College Hospital in the sum of $100, to the order of the present and former attorney for the

plaintiff, a check in the sum of $1,726.75, which includes $161.16 in disbursements and further directing that the balance in the sum of $2,173.25 be deposited by the carrier with the Clerk of this court, or the City Treasurer, to the credit of the plaintiff with power in her to withdraw the same, less any fees chargeable in connection with the handling thereof.

The sealed verdict and the letter of the plaintiff, dated May 7, 1962, are being filed with this determination and are to be recited in the order to be entered hereon which is to be settled on notice to the plaintiff and which notice may be sent by certified mail. Together with the order to be served upon the plaintiff there is to be served upon her a copy of this opinion.